[773 NYS2d 75]

In the Matter of JAMES R. FILENBAUM (Admitted as JAMES ROBERT FILENBAUM), an Attorney, Resignor.

Second Department, March 1, 2004

#### APPEARANCES OF COUNSEL

*Timothy J. Brennan*, Mt. Kisco, for resignor.

*Gary L. Casella*, White Plains (*Antonia Cipollone* of counsel), for Grievance Committee for Ninth Judicial District.

#### OPINION OF THE COURT

Per Curiam.

James R. Filenbaum has submitted an affidavit dated August 15, 2003, wherein he tenders his resignation as an attorney and counselor-at-law (see 22 NYCRR 691.9). Mr. Filenbaum was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on February 26, 1975, under the name James Robert Filenbaum.

Mr. Filenbaum avers that his resignation is made voluntarily, free from coercion and duress, and with a full awareness of the implications of its submission. Mr. Filenbaum is aware of a pending investigation by the Grievance Committee into allegations of professional misconduct including, inter alia, neglect, failing to account, and mishandling and/or misappropriating clients' funds. Mr. Filenbaum submits that he has fully accounted to all clients with regard to any funds that were entrusted to him.

Mr. Filenbaum acknowledges that if charges were predicated upon the aforementioned allegations, he could not necessarily defend himself on the merits against them.

Mr. Filenbaum is aware that the Court could, in any order permitting him to resign, require him to make monetary restitution to any person whose money or property was misappropriated or misapplied, or to reimburse the Lawyers' Fund for Client Protection for same. Mr. Filenbaum further acknowledges that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him. He specifically waives the opportunity afforded by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee notes that Mr. Filenbaum is represented by counsel, Timothy J. Brennan, with whom he has reviewed his resignation. The Grievance Committee submits that acceptance of Mr. Filenbaum's resignation is the most expeditious way to conclude this matter.

The file also contains a letter from Mr. Filenbaum's wife informing the Court that Mr. Filenbaum has been diagnosed with advanced aggressive cancer. She asks the Court to consider Mr. Filenbaum as a highly respected, hard working attorney who made a mistake but never caused any client any problem.

Inasmuch as the proffered resignation comports with all appropriate Court rules, it is accepted and, effective immediately, James R. Filenbaum is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and GOLDSTEIN, JJ., concur.

Ordered that the resignation of James R. Filenbaum is accepted and directed to be filed; and it is further, ordered that pursuant to Judiciary Law § 90, effective immediately, James R. Filenbaum is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further, ordered that James R. Filenbaum shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further, ordered that pursuant to Judiciary Law § 90, effective immediately, James R. Filenbaum is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.